Samuel M. Gold, J.
Plaintiff moves for reargument of its motion for dismissal for insufficiency of the counterclaim contained in the pleading of the interpleaded defendant. The application for reargument is granted. Plaintiff moves additionally for renewal and reconsideration of that motion upon the ground that since its disposition there has been discontinuance with prejudice of the suit against the defendant.
Upon this application the following are the material facts and considerations. Plaintiff was the mortgagee and the insured, as interest may appear, with respect to a vessel owned by the insured for which the present interpleaded defendant has been substituted. There had been prior litigations which resulted in settlement and a substantial payment to the plaintiff. That payment or fund is not in suit. By the present action plaintiff claimed to be entitled to additional sums by virtue of the policies in issue by reason of legal fees and expenses incurred, and by two causes stated in the complaint plaintiff seeks the recovery of those sums. The interpleader complaint puts that obligation in issue, the defendant and interpleading plaintiff alleging that it is not under the alleged obligation to either the plaintiff or to the interpleaded defendant, who had theretofore instituted a separate action against this defendant in which recovery was *279 sought for the losses or for some of the same losses which plaintiff claims in this action. Without prejudice to such denial, the defendant and interpleading plaintiff asserts it is unable without hazard to determine to which party it is liable upon the claim in suit.
In its counterclaim the interpleaded defendant, while implicating the sum obtained by plaintiff as a result of prior litigations, nevertheless asserts a claim of right to recovery not of that fund or to that amount but to the identical and lesser sums which plaintiff by its present action seeks to recover. Thus the interpleaded defendant not only attempts to put in issue indirectly the sum involved in the settlement of prior litigations, which sum it alleges the defendant was obliged to pay to it instead of to the plaintiff, yet does not demand recovery upon a claim of right to that entire fund, but only to so much as is presently claimed by plaintiff by reason of additional obligation of the defendant and as legal fees and expenses. The inter-pleading defendant does so in a pleading ostensibly responsive to an interpleader complaint which puts in issue only the identity of the party entitled to the proceeds of an obligation asserted in the main complaint and which the defendant resists. No recovery is sought by the counterclaim against the plaintiff or against the defendant or any other party with respect to the sum heretofore received by the plaintiff from the payers thereof, including the defendant. Whether the claim for legal fees and expenses is inextricably involved with the earlier fund, it remains the only claim in suit and the only claim projected for determination by the interpleader complaint, and however the counterclaim may be set forth the interpleaded defendant had a right to have litigated the claim of right to the proceeds of the alleged obligation of the defendant with respect to attorneys’ fees and expenses. Notwithstanding that right if basis for such claim exists, the interpleader and the counterclaim fall if plaintiff does not pursue the claim, and it is in fact withdrawn with prejudice. There are not now two claimants with respect to the proceeds of the alleged obligation of the defendant to make payment of legal fees and expenses, and the claim of this inter-pleaded defendant exists separately by virtue of its prior and pending action against this defendant. In all the circumstances, therefore, the application for dismissal of the counterclaim is granted.